UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY T. CHAMPION,

Defendant.

Criminal Action No. 3:13–CR–97

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Anthony T. Champion's Motion to Suppress the evidence seized and any statements made as a result of a traffic stop that occurred on January 13, 2013. For the reasons that follow, the Court HEREBY denies the motion.

Findings of Facts

On January 13, 2013, at approximately 9:25 a.m., Virginia State Trooper A. B. Treakle was patrolling northbound Interstate 95. He was in the middle lane in the vicinity of mile marker 100.4 in Caroline County, Virginia. Trooper Treakle noticed, in his mirror, a Toyota Camry with Alabama plates traveling in the left lane approaching his vehicle at a high rate of speed. The Toyota slowed and passed the trooper in the left lane. At that point, Trooper Treakle noticed items dangling from the rear view mirror of the Camry.

Trooper Treakle then changed lanes, getting directly behind the Camry in the left lane and activated his patrol car's emergency lights. Instead of pulling over in the safest and quickest manner, the Camry moved to the middle lane, cutting off a tractor trailer and

1

creating a potentially dangerous situation for the Trooper and other traffic. The Trooper merged onto the left shoulder to defuse the difficult traffic situation. Thereafter, Trooper Treakle turned off his emergency equipment, re-entered the left lane of traffic, when he could do so safely, and sought to catch up with the Camry.

Trooper Treakle caught up with the Camry and observed that the Camry was stopped on the right shoulder of the road. The Trooper reactivated his emergency light and pulled in behind the Camry. Trooper Treakle saw the driver of the Camry, later identified as Defendant Anthony Champion, exit from the driver's seat, walk to the right side of the car, then return to the left side, and start walking in the right travel lane back toward the Trooper. In the Trooper's experience, this kind of behavior is often designed to keep the Trooper away from the stopped vehicle. By the time the Trooper met the Defendant at the front of the patrol car, another person, Karissa Wyatt had moved into the driver's seat.

Trooper Treakle engaged the Defendant in a conversation regarding what the Trooper perceived to be erratic driving behavior. During this conversation, the Defendant admitted that he did not have a driver's license.

Approximately one minute after stopping the Defendant's car, Trooper Treakle approached the Camry to speak to the two remaining occupants. The two female occupants were Karissa Wyatt and Gabriel Shealy. Ms. Shealy was seated in the right rear passenger seat holding a puppy. Upon approaching the Camry, Trooper Treakle immediately smelled the strong odor of marijuana coming from the car. Trooper Treakle asked the women if there were any guns in the car. Both women shook their heads, indicating a negative response. Trooper Treakle returned to his patrol car and called for back-up.

While waiting for another officer to arrive, Trooper Treakle asked the Defendant if he had any guns in the car or on him. He also patted down the Defendant and asked for ID. While sitting in the patrol car with the Defendant, Trooper Treakle began processing the stop and running standard computer inquiries. Six minutes after the stop, Trooper Treakle asked the Defendant about his travel itinerary. The Defendant said that he was traveling from Columbus, Georgia to Boston, Massachusetts.

Trooper Ticho arrived on the scene nine minutes after the "back-up" request. At that time, Trooper Treakle removed the Defendant from the patrol car and handcuffed him, explaining that he was not under arrest, but was in investigative detention. Trooper Treakle asked the Defendant if there were any drugs or guns in the Camry. The Defendant responded, "none that I know of." The Trooper found this to be a curious answer that elevated the Troopers' concerns.

Trooper Treakle began to search the passenger compartment of the Camry. While this was going on, Ms. Wyatt told Trooper Ticho that she and her companions had been smoking "weed" while driving on the highway. Ms. Wyatt also stated that they were headed to Washington, D.C. After speaking with Ms. Wyatt, Trooper Ticho searched the trunk of the Camry and located a cloth bag that contained nine (9) firearms.

The Defendant was advised of his Miranda rights and voluntarily spoke to the officers. He stated "no" when asked if the firearms were stolen. He said that he thought there were nine guns in the car. He also admitted buying the guns from Steve Mathis for $3,000 with the intention of selling the guns in New York and Boston.

Conclusions of Law

1. Trooper Treakle had reasonable, articulable suspicion that the object or objects hanging from the rear view mirror of the car driven by the Defendant were in violation of VA Code Section 46-1054, which provides that:

   > No article, device, sticker or ornament shall be attached or affixed to or hung on or in any motor vehicle in such a manner or location as to interfere with the operator's unobstructed view of the highway or to distract the attention of the operator.

   See Commonwealth v. Bryant, 2004 WL 1313004 (2004).

2. Once Trooper Treakle smelled the strong odor of marijuana, he had cause to suspect recent drug use and/or possession in the Toyota Camry. He had a right to call for back-up and to detain the Defendant for safety reasons. He was one officer dealing with three occupants of the car. The traffic stop was now elevated to a drug stop and investigation.

3. The Defendant concedes that the troopers had probable cause to search the passenger compartment of his car, but asserts that there is no legal basis to search the trunk of the vehicle. Two well-trained State Troopers, with knowledge of the smell of marijuana, report the strong odor of marijuana. Their sensory observations are corroborated by the statement of Ms. Wyatt that each of the occupants had possessed and smoked marijuana in the car while on the highway. The Troopers have probable cause to search the trunk of the vehicle once they smell marijuana in the passenger compartment. The case is even stronger because the Troopers have corroborating evidence of the recent presence of contraband. United States v.

4

Parker, 72 F.3d 1444 (10th Cir. 1995). See also, United States v. Turner, 119 F.3d 18 (D.C. Cir. 1997). The Trooper had probable cause to search the vehicle to determine if there was additional marijuana in the car. That probable cause covered the entire vehicle, including the trunk. Therefore, the troopers lawfully observed and seized the firearms.

## Conclusion

For the reasons stated above, the Court DENIES the Motion to Suppress.

Let the Clerk send a copy of this Opinion to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
United States District Judge

Entered this ___17th___ day of October 2013.